IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AIR CENTURY, S.A., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ATLANTIQUE AIR ASSISTANCE; and )<br>INSURED AIRCRAFT TITLE SERVICE, )<br>INC., )<br>)<br>Defendants. ) | Case No. CIV-08-1324-D |

## **O R D E R**

Before the Court is the Motion of Insured Aircraft Title Service, Inc. for Summary Judgment [Doc. No. 6], filed January 6, 2009, pursuant to Fed. R. Civ. P. 56. Plaintiff timely responded in opposition to the Motion, which is at issue.[1]

Defendant Insured Aircraft Title Service, Inc. ("IATS") seeks a judgment as a matter of law on Plaintiff's Complaint against it for breach of contract, breach of a fiduciary duty, and negligence. The Complaint alleges the terms of a contract for the sale of an aircraft by Defendant Atlantique Air Assistance ("Atlantique") to Plaintiff, which contract was allegedly breached by Atlantique's failure to deliver the aircraft according to the stated conditions. The Complaint also alleges the role of IATS as the escrow agent under the contract, ITAS's receipt of Plaintiff's deposit of $160,000.00, and IATS's release of the deposit to Atlantique without advance notice to Plaintiff. Plaintiff alleges that IATS breached the escrow agreement, which incorporated IATS's wire instructions and the terms of the contract for sale, and which rendered Plaintiff's deposit non-refundable unless one of

---

[1] A reply brief filed March 26, 2009, was over a month out of time under LCvR7.1(i). Because no permission for a late filing was requested or granted, the brief is disregarded.

the parties to the contract for sale failed to fulfill its conditions. Plaintiff also alleges that IATS breached its duties to safeguard the deposit until Atlantique had performed the contract and to act reasonably in deciding to release the deposit to Atlantique.

IATS's Motion is based solely on the terms of the contract for sale, which expressly stated that the deposit was "non refundable, due upon signature of the [contract for sale]." *See* Compl., Ex. 1, "Heads of Agreement" at 1. In reliance on this "plain language" providing for a non-refundable deposit, IATS asserts "the disbursement to Seller (Atlantique) is not actionable." *See* Motion [Doc. 6] at 2.

In response, Plaintiff disputes that its deposit was non-refundable under any circumstances after execution of the contract for sale. Plaintiff points to a separate provision which established delivery conditions for the aircraft and expressly provided: "In the event of damage or an incident the deposit would be returned . . . ." *See* Compl., Ex. 1, "Heads of Agreement" at 2. The contract also provided that it was subject to the continued availability of the aircraft and other conditions, and contemplated the execution of an aircraft purchase agreement. *Id.* at 2-3. In addition, Plaintiff presents undisputed facts showing IATS's wire instructions stated that escrow deposits were refundable until the depositor notified IATS otherwise or until IATS received an executed purchase agreement "outlining the terms and conditions of the funds held in escrow." *See* Compl. ¶ 13; Answer, ¶ 2 (admitting ¶ 13). Plaintiff presents facts and evidence to show that IATS released Plaintiff's deposit to Atlantique after the aircraft delivery date had passed without notice or inquiry as to Atlantique's performance of the contractual conditions and without receiving an executed purchase agreement outlining the terms and conditions of the funds held in escrow.

Under Oklahoma law, which governs IATS's duties as escrow agent, "[w]here a fund is created for a specific purpose under contract and deposited in escrow to await the performance of

2

said contract, and to be used for that purpose, it is a limited fund, and neither party has the right to any portion of same . . . until the contract between the parties has been performed." *Marion Mach. Foundry & Supply Co. v. First Nat'l Bank & Trust Co.*, 58 P.2d 900, 901 (Okla. 1936) (syllabus by the court); *accord First Nat'l Bank & Trust Co. v. Osage Supply Co.*, 97 P.2d 3, 4 (Okla. 1939). Oklahoma courts follow the general rule that "'the depositary is the agent or trustee of both parties until performance of the condition, but thereafter he holds the instrument as agent for the party entitled thereto; he must act strictly in accordance with the terms of the escrow agreement and is liable for departures therefrom.'" *Burford v. Bridwell*, 185 P.2d 216, 219 (Okla. 1947) (quoting 30 C.J.S. *Escrows* § 8).

In this case, IATS seeks a determination that it acted in full compliance with the terms of the contract between Plaintiff and Atlantique, according to its unambiguous terms. Under Oklahoma law, "whether a contract or provision is ambiguous is a question of law to be determined only with reference to the contract itself." *Ryan v. American Natural Energy Corp.*, 557 F.3d 1152, 1157 (10th Cir. 2009); *see Otis Elevator Co. v. Midland Red Oak Realty, Inc.*, 483 F.3d 1095, 1101 (10th Cir. 2007); *Pitco Prod. Co. v. Chaparral Energy, Inc.*, 63 P.3d 541, 546 (Okla.2003). "[T]he relevant inquiry is whether the contract is reasonably susceptible to more than one construction such that reasonable persons could honestly disagree as to the meaning." *Ryan*, 557 F.3d at 1158; *see Otis Elevator Co.*, 483 F.3d at 1102; *Pitco*, 63 P.3d at 545-46. "Once a contract provision is determined to be ambiguous, the trier of fact resolves its meaning." *Ryan*, 557 F.3d at 1158; *Otis Elevator Co.*, 483 F.3d at 1101-02. Here, the contract for sale on which IATS relies for its decision to release Plaintiff's deposit contains conflicting provisions stating both that the deposit was "non refundable" but that it was refundable under certain circumstances. As a result of this irreconcilable conflict, the Court finds the contract is susceptible to more than one interpretation and is ambiguous.

Therefore, the Court finds that the propriety of IATS's conduct cannot be decided as a matter of law on the contract alone or the record presented.

Summary judgment is appropriate if the pleadings, affidavits, and evidence on file "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant bears the initial burden of demonstrating the absence of a dispute of material fact warranting summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If the movant carries this burden, the nonmovant must then go beyond the pleadings and "set forth specific facts" that would be admissible in evidence and that show a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex*, 477 U.S. at 324; *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998); Fed. R. Civ. P. 56(e). In this case, the Court finds the existence of genuine disputes of material facts that preclude summary judgment for IATS on the basis of its Motion.

IT IS THEREFORE ORDERED that the Motion of Insured Aircraft Title Service, Inc. for Summary Judgment [Doc. No. 6] is DENIED.

IT IS SO ORDERED this 5th day of June, 2009.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE